CLARENCE H. BRAINARD, Plaintiff, *v.* JACOB L. TEN EYCK, Defendant.

(Supreme Court, Albany Trial Term, December, 1917.)

Contracts — what constitutes a part of — building — specific performance — evidence — provisions of building code — Public Health Law — city of Albany — verdict.

The provisions of the building code and Public Health Law of the city of Albany, N. Y., are a part of every contract for the construction of a building within the city, and neither party

to such a contract can waive any of such provisions and a contractor assuming to build in accordance therewith must in that regard specifically perform.

The contractor cannot be said to have executed the work in accordance with such provisions of law because some official charged with the responsibility sees fit to give a certificate to the effect that the contract met the requirements of the statute, for the reason that whether there was a failure or compliance with the law governing such matters depends upon the fact, not upon somebody's certificate.

Where, upon the trial of an action to recover a balance alleged to be due under a building contract, the question of fact to be submitted to the jury is whether there has been a substantial performance of the contract, and, assuming that the jury has been properly instructed that under the law a contractor is not now held to a complete and specific performance of the contract in each and every detail, the court is in duty bound to entertain a motion to set aside the verdict in plaintiff's favor as against the weight of evidence.

An order granted setting aside the verdict herein on the ground that on the question of substantial performance it was not sustained by the weight of evidence.

ACTION to recover balance alleged to be due under a building contract.

A. M. Sperry, for plaintiff.

Jacob L. Ten Eyck (James F. Tracey, of counsel) attorney in person.

RUDD, J. The action was brought to recover the balance alleged to be due the plaintiff under a building contract. The amount claimed was $1,276.95.

The defendant alleges failure to perform and counterclaims damages by reason thereof of $1,000.

The contract price was $5,329. There have been made payments amounting to $4,140.80.

Supreme Court, December, 1917. [Vol. 102.

The balance alleged to be due is $1,189.20, to which are added extras amounting to $87.75, making the amount here sought by the plaintiff $1,276.95.

The jury rendered a verdict for plaintiff of $1,000.

The defendant moves to set aside the verdict on the ground that it is not in accordance with the weight of the evidence.

The issues presented were tried at great length and with much detail. The defendant vigorously contended that it was the duty of the court to grant a nonsuit on the ground that under the law the plaintiff could not here recover because of certain omissions and defects in the structure of the building, including violations of the building code of the city of Albany and the Public Health Law.

The questions at issue were presented over the exception of the defendant to the jury under directions concerning the law governing the questions here involved, to which no exception was entered.

It seems clearly to the court that the question to be submitted here is whether or not there has been a substantial performance of the contract.

A building contractor is not now held under the law to a complete and specific performance of a contract in each and every detail. The more equitable rule prevails.

That rule this court endeavored to present to the jury and upon the motion to set aside the verdict each party stated that the direction of the court in that regard was correct.

Because of the length of the trial and the rather complicated conditions which were developed by the testimony, and more particularly for the reason that the court was then of the opinion and still thinks that the questions involved were really questions of fact, assuming that the jury was properly advised as to the law, this court hesitates to disturb the verdict. All

courts should thus hesitate, but at the same time a duty is imposed, and this duty cannot be avoided.

The court distinctly told the jury that the contract consisted not only of the particular instrument signed between the parties, but that it included the plans, specifications, building code of the city of Albany and Public Health Law; that so far as the provisions of the building code and Public Health Law of the city are concerned neither party could waive any provision thereof; a contractor assuming to build in accordance with such laws must in that regard specifically perform.

The plaintiff does not claim that he performed the contract in every respect; there were variations, changes and omissions, some of which the plaintiff admits; concerning others he claims a waiver on the part of defendant.

In the charge the court advised the jury concerning the effect of a waiver, defining it, referred to the necessity of the plaintiff showing by a greater weight of evidence the good faith of the contractor; calling the jury's attention to the examination as to whether the alleged defects extended generally throughout the building; mentioning the fact that sometimes an omission is an inadvertence and unintentional; that no contractor can perform substantially a building contract unless there is in his work an element of good faith, and that substantial performance permits only of such concessions, changes or modifications as are inadvertent and unintentional and are not due to bad faith; that they do not impair the structure as a whole, are remediable, can be corrected without doing material damages to other parts of the building in tearing out and reconstructing, and may without injustice be compensated for by deductions from the contract price; that where the defects are substantial the owner cannot be required to accept damages by way of deductions

from the contract price; that in such a case the owner's agreement was to pay upon performance and not otherwise; and if the evidence shows that the alleged defects, omissions and changes ran throughout the structure, here and there and everywhere, that that would justify a finding that there had not been a substantial compliance.

The jury was also advised that in considering whether a substantial performance was had they might take into account the percentage of defective or omitted work; that the theory of the law was that the contractor would be permitted a recovery where the omission to perform has been the result of an oversight, misunderstanding or excusable neglect, and the same may be adequately indemnified by an allowance; that the performance must be substantial; that the omissions and defects must be unsubstantial.

There were defects, changes and modifications in the structure of this building.

The plaintiff gave evidence that assuming the defects and changes existed as claimed by the defendant the same could be cured at an expense of $88. Of course the plaintiff denied that many of these defects existed.

The defendant's evidence shows the cost of curing the alleged defects was $1,344.

If defects existed to the extent of even the lesser amount of the two, namely, $882, required to repair the building, then the plaintiff cannot here recover. *Witt* v. *Gilmour,* 172 App. Div. 110.

The plaintiff contends upon this motion that because an inspector of the building department of the city of Albany passed this structure while in process of erection, as did the inspector in the bureau of health, that therefore there can be here considered no violation of the building code or of the health laws.

With this theory the court cannot agree. It can

hardly be said that the contractor had executed his work in accordance with the provisions of the law, irrespective of what the fact was, because some official charged with the responsibility saw fit to give a certificate to the effect that the contract met the requirements of the statute.

Whether there was a failure or a compliance with the laws governing such matters depends upon the fact, not upon somebody's certificate.

The inspector from the bureau of buildings in the city of Albany stated that upon his first inspection there were no double timbers sustaining partitions as required by the law and by the contract; that five days thereafter upon a second inspection the double timbers were there; that eighteen months thereafter, when the building was supposed to be complete, an inspection was had, just before the trial of this issue, the floor boards having been removed for that purpose, and that at that time the double timbers were not there.

So we have this witness testifying that the double timbers were not in, that they were in, and again that they were not in.

The proof in the case is that they are not there now, and this is the fact, irrespective of the testimony of the inspector that at one time he saw them there. It must be remembered that that was the time when he passed the building.

Many of the alleged defects, concerning which there is practically no dispute, are structural in their character. Many of them are easily corrected. Some under the evidence call for the expenditure of considerable in amount and others for trifling sums.

The record as a whole demonstrates clearly that this structure was not built in accordance with the plans and specifications. Whether the defects are as serious as the defendant here contends in every respect and in

every detail is quite doubtful. Certainly some of the weaknesses claimed by the defendant could easily be cured by a small expenditure of money and without any large effort, and they may properly be classed as unsubstantial defects. But the undisputed evidence in the record with reference to other defects calls for a serious consideration and creates a grievous doubt as to whether those defects can under any circumstances be considered as unsubstantial.

The failure to construct the trimmer beams, defective condition of the back staircase, the cutting away of a bearing beam for the insertion of pipes, the failure to connect the gutters on the house with the street sewer, the lack of double beams under partitions, are among some of those defects which appeal to this court as essential and substantial in their structural uses and requirements.

The painting and the papering of walls can easily be done and are not such defects as should be classed as substantial. That condition can be remedied without any injurious effect upon any part of the structure.

The transcript of the evidence is not at hand, we cannot. refer to every detail, but enough has been recited to indicate the impression upon this court as to the verdict rendered.

During the trial the court was quite free to say, not however in the presence of the jury, but to the attorneys in person after they had in open court consulted with reference thereto, that some adjustment would be desirable. For thus expressing the thought criticism was thereafter made by the defendant, and in this connection upon the motion to set aside the verdict the plaintiff's counsel suggested that if the court felt called upon to modify the verdict to any reasonable extent that such modification would be accepted on the part of the plaintiff. It does not seem that the court is called

upon to express its views as to what should be the financial adjustment between these parties. It may not be acceptable to both, it certainly would not be to one.

What here must be determined, irrespective of the regret that it may occasion a new trial, or the possible printing of a very long record, is to say whether or not the jury rendered such a verdict as the weight of the evidence required to be found.

In answering the question as to whether there has been a substantial performance under the rules of law, if this was a review of the findings of a referee, this court would be obliged to reverse the same; there does not seem to have been, as shown by the record, such a reasonable substantial compliance with the provisions of this building contract on the part of the building contractor as requires the defendant to pay the contract price less a small sum deducted for unsubstantial and minor defects.

Unless the contract was substantially complied with the plaintiff cannot recover under the law.

The jury cannot be charged with acting under passion or prejudice, but inasmuch as the weight of evidence on the question of substantial performance does not support the verdict it cannot stand. An order may be entered setting aside the verdict.

Judgment accordingly.